# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON WILLIAM ATENCIO,<br><br>Plaintiff,<br><br>v.<br><br>K. ALLISON, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-00191-BAM (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Aaron William Atencio ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's complaint and granted him leave to amend. Plaintiff's first amended complaint, filed on May 14, 2021, is currently before the Court for screening. (Doc. 11.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed in Valley State Prison in Chowchilla, California, where the events alleged in the complaint occurred. Plaintiff names the following defendants: (1) Kathleen Allison, Secretary of the Department of Corrections and Rehabilitation ("CDCR"), (2) Rosa Avila, Correctional Officer, and (3) P. Villegas, Correctional Lieutenant.

In claim 1, Plaintiff alleges procedural and substantive Due Process violations based on a facial challenge to the challenged regulation. In claim 2, Plaintiff alleges a procedural and substantive Due Process violation based on an as applied challenge to the regulation.

On July 6, 2020, the Secretary of CDCR changed regulations contained in Title 15 of the Code of Regulations amending the Authorized Personal Property Matrix to include authorization of possession by inmates of Micro Secure Digital memory cards (MicroSD) in conjunction with either a MP3 player or non-network capable tablet. On July 21, 2020, the Secretary of CDCR changed the language of §3006(c)(20),[1] but did not remove a blanket statewide prohibition

---

[1] 15 C.C.R §3006(c)(20) prohibits certain communications devices, and states in pertinent part: "(c) Except as authorized by the institution head, inmates shall not possess or have under their

2

against possession of a MicroSD card. The language in both section contradicts each other.

Plaintiff alleges that the Secretary of the CDCR, Defendant Allison, is the chief executive officer who has the sole authority to craft and authorize regulations and policy which govern all penal institutions. As to claim 1, Plaintiff alleges that the Secretary, in exercising the sole authority to craft and authorize contradictory regulations, did participate in and direct the claimed violations. The Secretary should have known that creating a regulatory contradiction as to disciplinary rules would facially violate fair notice required by Due Process. The Secretary, in creating the regulatory contradiction, violated Plaintiff's procedural and substantive due process rights in that the contradictory regulations deprived Plaintiff of the right to fair notice and arbitrarily deprived Plaintiff of the right to Fair Notice. Plaintiff alleges that §3006(c)(20) and 3190(b) are unconstitutionally vague. Defendant is suing Defendant Allison in her official capacity only.

On July 30, 202, Defendant Avila "produced a disciplinary report in which she stated that she had seized an unauthorized MicroSD memory devices. Her report stated that she believed that card had been used in conjunction with a cellular device. The disciplinary report was for prohibited act of "Possession of a wireless device component," citing Title 15, 3006(c)(20). Defendant Avila stated in her report she seized Plaintiff's MP3 media player concurrent with the seizure of the memory card. On August 9, 2020, Defendant Villegas, Senior Hearing Officer, held a hearing on the disciplinary report. At the hearing, Plaintiff claimed the §3006 regulation was not applicable because of the changes in the property regulation and offered copies of the new regulations that Plaintiff was properly in possession of the MP3 player and MicroSD card. Villegas admitted that possession of a MicroSD card was permitted, citing §3190(b).[2] Defendant Villegas stated he would make a finding of guilt based not on possession of the MicroSD card,

---

control any matter which contains or concerns any of the following:
(20) Any wireless communication device accessory and/or component including, but not limited to, a Subscriber Identity Module (SIM) card, memory storage device, battery, wired or wireless headset, and charger, except as expressly authorized by the Secretary, pursuant to subsection 3190(k)(8).

[2] Depending upon the security level of the housing facility, the general population is only allowed to possess items that are authorized under the Authorized Personal Property Schedule. Cal.Code Regs. tit. 15, § 3190(b).

3

but instead on the allegation that the card had been misused with a cellular device. Plaintiff alleges Title 15 states that misusing properly possessed property is a separate prohibited act, but does not state if it is a lesser included offense to any other prohibited act.

On August 25, 2020, Plaintiff received a written copy of the finalized disciplinary report, which stated that the specific act for the finding of guilt was for "Possession of a wireless device component" citing §3006(c)(20). The report also stated what Villegas had said to Plaintiff at the hearing about a finding of guilt was on the allegation that the card had been misused with a cellular device.

Plaintiff alleges the Defendants Avila and Villegas should have known that applying the regulations, which were in contradiction, would violate the fair notice of Due Process. Plaintiff is suing both Avila and Villegas in both their official and individual capacities.

In the first amended complaint, Plaintiff cites a series of Supreme Court and Ninth Circuit case authority. Plaintiff alleges that laws, regulations and policies that are so vague as to encourage arbitrary and capricious enforcement is protected by Due Process. Citizens must be provided with fair notice of prohibited conduct before they can be held liable for such conduct and is protected by Due Process. Due Process protects against contradictory laws, regulation or policies, without fair notice. Courts will intervene when a prison regulation or practice offends a fundamental constitutional guarantee. Fair notice is required as applied to vague prison regulation and creates a liberty interest. Laws are unconstitutionally vague on their face if they fail to provide a person of ordinary intelligence what is prohibited.

As remedies, for claim 1, Plaintiff seeks a permanent injunction, in the form of removal of the disciplinary report from Plaintiff's record and seeks amendment of the offending regulations by Defendant Allison. In claim 2, Plaintiff seeks declaratory relief against Defendants Avila and Villegas that they violated his civil rights and nominal and punitive damages a to both defendants.

**III.  Discussion**

Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983.

**A. Official Capacity**

Plaintiff sues Defendants Avila and Villegas, in their official capacities, for their roles in

4

the disciplinary report and hearing. A suit against a public employee in his official capacity is equivalent to a claim against the employer. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Department*, 533 F.3d 780, 799 (9th Cir. 2008), cert. denied, 555 U.S. 1098 (2009). "Suits against state officials in their official capacity...should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Id. at 166 (emphasis in original). "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

To the extent that Plaintiff seeks damages from Defendants in their official capacities, the Eleventh Amendment bars Plaintiff's suit. *See Mitchell v. Washington*, 818 F.3d 436, 441 (9th Cir. 2016). To the extent Plaintiff seeks prospective declaratory or injunctive relief, only cognizable claims against them may go forward. *See Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997).

**B.     Due Process**

Plaintiff alleges a facial challenge and as applied challenge to Title 15, §3006(c)(20) based on violations of procedural and substantive Due Process. Plaintiff alleges his Due Process rights were violated by implementing one regulation that is contradictory to another regulation.

A constitutional challenge to a policy is " 'facial' [if] it is not limited to plaintiff['s] particular case, but challenges application of the law more broadly ...." *John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010) (facial challenges "reach beyond the particular circumstances of these plaintiffs.") Facial challenges are disfavored. *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008). "A facial challenge to a [policy] is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances

5

exists under which the [policy] would be valid. The fact that the [policy] might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid[.]" *United States v. Salerno*, 481 U.S. 739, 745 (1987).

"'[A] [policy] . . . may be held constitutionally invalid as applied when it operates to deprive an individual of a protected right although its general validity as a measure enacted in the legitimate exercise of state power is beyond question.'" *Little v. Streater*, 452 U.S. 1, 16 (1981) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)). Thus, to support an "as applied" challenge, Plaintiff must show that his individual circumstances make the general application of the NDPF policy unconstitutional. *See Doe v. United States*, 419 F.3d 1058, 1063 (9th Cir. 2005).

The Due Process Clause of the Fourteenth Amendment contains both a procedural and substantive component. *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997). "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property interests' within the meaning of the Due Process clause." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). The Supreme Court has said that "we have regularly observed that the Due Process Clause specially protects those fundamental rights and liberties which are, objectively, 'deeply rooted in this Nation's history and tradition.'" *Washington v. Glucksberg*, 521 U.S. 702, 720–21, 117 S. Ct. 2258, 2268, 138 L. Ed. 2d 772 (1997). "[T]he Fourteenth Amendment "forbids the government to infringe ... 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Id.*

With respect to his procedural due process claim, Plaintiff alleges that regulations promulgated which "create a lack of fair notice" are in violation of his right to Due Process. But, the Ninth Circuit has specifically rejected the idea that the Due Process Clause requires prior notice before enacting and enforcing laws of general applicability. *Halverson v. Skagit County*, 42 F.3d 1257, 1260 (9th Cir. 1994). "[G]overnmental decisions...not directed at one or a few individuals do not give rise to the constitutional procedural due process requirements of individual notice and hearing; general notice as provided by law is sufficient." *Halverson*, 42 F.3d

at 1260. Further, to state a procedural due process claim, a plaintiff must establish "a legitimate claim of entitlement" to the relief sought. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 463 (1989). Generally, "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Clukey v. Town of Camden*, 717 F.3d 52, 56 (1st Cir. 2013).

Here, the challenged provisions of Title 15 are one of general applicability to inmates that do not target individuals. Plaintiff was not entitled to individualized notice or the right to be heard. To the extent Plaintiff is claiming he was entitled to advanced notice, Plaintiff's procedural due process claim that he failed to receive "fair notice" fails as a matter of law.

Turning to Plaintiffs' substantive due process claim, the substantive component of the Fourteenth Amendment Due Process Clause "forbids the government from depriving a person of life, liberty, or property in such a way that...interferes with rights implicit in the concept of ordered liberty" — regardless of what type of process is first given. *Engquist v. Oregon Dept.of Agric.*, 478 F.3d 985, 996 (9th Cir 2007). State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418(1995). Laws do not offend the Due Process Clause when they are rationally related to a legitimate government interest. *Washington v. Glucksberg,* 521 U.S. 702, 722, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997)

Plaintiff has to identify a fundamental right that has been arbitrarily deprived of by Defendants. Plaintiff cannot allege a fundamental right in possession of a particular type of electronic device. Plaintiff does not have a fundamental right to possess a SD card for a music player. Deprivation of this type of inmate property is not a fundamental right. Regulations enacted to protect institutional security from potential breaches that electronic communications devices pose within the institutions are permissible regulations by the demanding substantive due process legal standards.

Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff has an adequate postdeprivation

remedy available under California law. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810–895). To the extent, if any, that plaintiff alleges that prison rules were improperly implemented against him, prison officials' violation of their own policies does not in itself raise a federally cognizable claim. *See Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (failure to follow procedures is not, of itself, enough to establish a violation of plaintiff's constitutional rights); *see, e.g., Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (a prisoner may not "transform a state-law issue into a federal one merely by asserting a violation of due process. We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable.)

**C. False Rules Violation Report and Disciplinary Hearing**

Prisoners do not have a liberty interest in being free from false accusations of misconduct. The filing of a false Rules Violation Report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted); *Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").

With respect to the prison disciplinary proceeding in which Plaintiff was found guilty, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact

8

finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71. As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached...." *Hill*, 472 U.S. at 455-56.

Plaintiff does not allege factual support that that his disciplinary action failed to comply with the *Wolffe* elements. There is some evidence to support the guilt finding. Defendant Avila reported that the SD card might have been used in conjunction with a cellular device, and Plaintiff was guilty of "inserting the card into a cellular device." Plaintiff has been unable to cure this deficiency.

**D. Injunctive Relief**

Plaintiff seeks injunctive relief in this action. Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal

right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

Plaintiff does not allege Defendants have authority to expunge Plaintiff's RVR from his central file. "[T]he pendency of the present action does not automatically give the Court jurisdiction over all prison officials in general or over the expungement of rule violations from prisoner files at a given institution." *Aubert v. Madruga*, No. 1:13-CV-01659-AWI-EPG (PC), 2016 WL 2866419, at *7-8 (E.D. Cal. May 17, 2016), report and recommendation adopted, 2016 WL 4494478 (E.D. Cal. Aug. 25, 2016) (denying injunctive relief because the court lacks jurisdiction to compel non-party prison officials to expunge rule violations from plaintiff's central file solely based on the pendency of a lawsuit against defendant prison officials in their official capacity where defendants lack authority to expunge plaintiff's rule violations*); see also Ingram v. Rachal*, No. CV 19-5605-DOC (KK), 2019 WL 3781603, at *3 (C.D. Cal. Aug. 12, 2019) (finding the court lacks jurisdiction to compel non-party prison officials to remove the RVR's and Counseling Chrono from Plaintiff's Central File).

**E. Declaratory Relief**

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Vill.*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v.*

*Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### IV. Conclusion and Order

Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Based on the above, IT IS HEREBY RECOMMENDED THAT this action be dismissed, without prejudice, based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 14, 2021**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE